By the Court.—Sedgwick, Ch. J.
The action was brought to compel the defendant to iesue to plaintiff a certificate, that he was entitled to shares of capital stock of the defendant to the nominal amount of $3,658.14 under a resolution of the board of directors made June 16, 1888.
The resolution was : “Whereas, it has appeared to the satisfaction of the company and of Mr. Gurney that the estimated value of the plant and accounts offered by Mr. Gurney for his stock was too high ; and whereas, the company has assumed certain additional liabilities of Mr. Gurney, as set forth in his account to date, it is hereby mutually agreed between the company and Mr. Gurney that in consideration of the less value paid in by Mr. Gurney, as above stated, and the additional liabilities assumed by the company as aforesaid, he, the said Mr. Gur *446 ney, shall be entitled to $3,658.14 worth of the company’s stock, par value, and the rest of the $10,000 be turned into the treasury. It is further agreed that all farther errors found in the accepted accounts from him shall be a charge against his stock. This settlement includes the $274.38 already agreed upon as consideration in the purchase of the good-will of Mr. Gurney’s business.”
The plaintiff had judgment that the defendant issued to him stock to the nominal amount of $3, . 600.
The principal difference between the parties relates to the meaning of the phrase “ all further errors found in the accepted accounts from him shall be a charge against his stock.” The plaintiff does not deny that the amount of “ further errors ” should be deducted from the amount of shares of stock first mentioned, that is $3,658.14, and that the company was bound to issue certificates of shares only to the amount of the difference. The dispute relates to the meaning of the words “ farther errors found in the accepted accounts from him.” The defendant argues, that the errors intended included an erroneous estimate of the value of the' accepted accounts, as well as mistakes of statement or computation in the accounts, which would make them erroneous as accounts. The plaintiff argues, that the errors were only such as make errors in accounting like mistakes of fact or calculation. The court agreed with the plaintiff, but, nevertheless, allowed the defendant to give full proof of what the defendant claimed to have been an erroneous estimate of the value of the accepted accounts. These accounts related to the business of the plaintiff as warehouseman, and were statements of the amounts due to him by third parties for storage. As security for the payments of these amount's were the goods stored. To show the value of .these accounts, the defendant sold, under the *447 statute, the goods stored. Assuming that the proof on this subject showed the value of the security, there was yet to be ascertained the value of the original obligation of the owners to pay the storage. There was no proof on this point. As the case stood, the owners remained liable for the amount of the storage, less the value received upon the sales. The presumption of law is, that these owners were solvent, and could be made to respond. The defendant, therefore, failed to prove that the valuation of the resolution was erroneous.
The defendant did prove that there were mistakes of statement and computation in the accounts. The court deducted from the amount agreed to be issued, these mistakes.
The learned counsel for defendant argues that under the complaint and resolution, there could be on a view unfavorable to the defendant, judgment for the issuing of shares to the amount of $3,658.14, no more and no less. I do not perceive the validity of this proposition. The plaintiff fails as to quantity, because the defendant establishes a modification of plaintiff’s claim.
It is also argued that the complaint is defective because it does not aver that no further errors had been found. This is not correct, because the not finding of errors was not a condition precedent to the acquirement of the cause of action for such number of shares as the plaintiff was entitled to have issued to him, and the lessening of the number of shares to which the defendant might be entitled, was founded upon an independent stipulation, upon which the defendant should take an affirmative stand.
It was also objected to the complaint, that it did not aver that the property turned over to the company by the plaintiff for the shares was worth $3,658.14. This was not essential to the validity of *448 the agreement. The mere fact that property is not worth the amount of the shares is insignificant, if the estimate of the value is made in, good faith. The answer does not allege that there was any intent to evade the statute.
It was further argued, that the amount of $3,658.14, was in part made up of sums that were allowed as due to the plaintiff, whereas, in fact, they were not due by the defendant to the plaintiff. One of these sums was for salary which the plaintiff credited himself with when, as defendant now claims, no salary was due to him.
Whatever may be the rights of the parties as to these sums, and in particular that claimed for salary, the answer alleged no defence based upon the plaintiff taking the sum or the salary. The answer confines itself, in respect of the value of the property transferred by plaintiff, to an assertion of an erroneous estimate of the accepted accounts or to errors in the accounts. The case showed that there was no mistake or error, even if there were invalidity in the settlement between the parties as to the company allowing the plaintiff certain amounts, when it was not liable to the plaintiff, and the answer makes no allegation as to this.
It is also argued, that the accepted accounts ” were not necessary for the business of the defendant, and for that reason the directors had not power to issue stock for them. Such a defence was not made. If it had been pleaded, it could not have prevailed under the circumstances. The accounts were incidents of the business that the plaintiff transferred to the defendant, and the transaction of that kind of business was within the powers of the defendant.
The defendant’s counsel urges, that as the agreement is contained in a resolution which was passed at a meeting of directors, the plaintiff being present *449 and voting for, the resolution,' it is void. The answer avers and the testimony shows, that he did vote. The answer does not attempt to avoid the contract for this reason and the contract could not be avoided without restoring to the plaintiff what he had transferred. There was no offer to restore, and indeed restoration was impossible from the manner in which the defendant had dealt with the property.
The defendant set up as a defence, that after the making of this contract in question the defendant passed a resolution that no certificate of stock should yet be issued to any stockholder. The plaintiff did not bind himself to omit to demand his shares of stock, and if before the resolution his right to shares was perfect, the defendant could not diminish or annul his right and absolve themselves from their obligation by resolving to do so.
I am of opinion that there was no error during the trial, and the judgment should be affirmed with costs.
Freedman, J., concurred.
Same Case.
Same Term.
Appeal by defendant from an order denying defendant’s motion to strike out from judgment a provision for an additional sum as costs, and for a stay of proceedings upon the judgment.
Same Counsel.
Bt the Court.—Sedgwick, Oh. J.
It is general practice to make or refuse to make an additional allowance by a provision in the conclusion of law in an equity case. The action involved the plaintiff’s right to shares, and to a certificate as evidence of *450 his ownership of them. Their value was shown by the testimony in the case, when it appeared that the defendant agreed to transfer the shares in consideration of receiving property from plaintiff agreed by the parties to be of the nominal value of the shares to be transferred.
It was within the discretion of the court to refuse to stay the proceedings without security from defendant.
The judgment and order should be affirmed, with costs.
Freedman, J., concurred.